UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

| Case No. | CR 19-280 PA and CV 22-8894 | Date | March 7, 2023 |
|---|---|---|---|

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

Interpreter: None

| Kamilla Sali-Suleyman | Not Reported | Renee Katzenstein |
|---|---|---|
| *Deputy Clerk* | *Court Reporter* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s): | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| Cubby Wayne Williams, Pro Se | NOT | | X | | | | |

**Proceedings:** IN CHAMBERS COURT ORDER

Before the Court is a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 ("Motion") filed by defendant Cubby Wayne Williams ("Defendant") (Docket No. 165). The Motion raises two issues: the Internal Revenue Service ("IRS") jurisdiction over Original Issue Discount ("OID") income and withholdings and the IRS's handling of Defendant's tax returns.[1]

Defendant was a paid tax preparer for a predominantly minority and financially unsophisticated group of clients. Defendant manufactured tax refunds to which the clients were not entitled by inventing fictitious withholdings of original issue discount ("OID") withholdings on their and his returns and claiming false deductions. The tax forms Defendant prepared falsely stated that he and his clients received OID income and falsely stated that federal income taxes were withheld on this fabricated income. As established at trial and found by the jury, Defendant's scheme overstated the amount of withholding on the tax returns without any corresponding increase in gross income. By submitting tax returns with fake OID withholdings, Defendant's conduct resulted in the issuance of tax refunds by the IRS to which Defendant and his clients were not entitled.

At least on some occasions, when one of his clients would then be audited by the IRS, Defendant would charge the client additional sums to respond to the IRS. During some of these audits, when the IRS would ask Defendant to provide proof of the OID withholdings, Defendant presented to the IRS

---

[1] The term "original-issue discount" refers to the difference between the price for which a debt instrument is issued and the stated redemption price at maturity. As the Supreme Court in <u>United States v. Midland-Ross Corporation</u>, 381 U.S. 54, 56 (1965) observed, "[e]arned original issue discount serves the same function as stated interest[.]" Original-issue discount income is generally included in a taxpayer's income because it accrues over the term of the debt instrument, whether or not the taxpayer actually receives payments from the issuer of the debt instrument. An original-issue discount is treated like a payment of interest and the party issuing a financial instrument yielding an original issue discount must report that income to the IRS using a 1099-OID form.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

fake 1099-OID tax forms purportedly issued by financial institutions to substantiate the bogus withholdings. Witnesses employed by the financial institutions testified at trial that the 1099-OID forms presented to the IRS by Defendant as having been issued by the financial institutions were not in fact produced by those institutions. Importantly, Defendant continued submitting returns on behalf of his clients containing fraudulent OID withholdings well after he ceased making such claims on his own returns following IRS warnings. Defendant personally benefitted from these fraudulent tax returns he prepared by charging his clients a percentage of the refunds he manufactured rather than a fixed fee for his tax preparation services. Defendant prepared more than two hundred fraudulent tax returns for his clients. Overall, Defendant's conduct caused the IRS to suffer an actual loss of $5,821,974.

     A grand jury returned a twenty-six count indictment against Defendant charging Defendant with aiding and assisting taxpayers to file returns falsely reporting phantom original issue discount ("OID") withholdings, in violation of 26 U.S.C. § 7206(2) (Counts one through twenty-two; the "tax preparation counts"). The indictment also charged Defendant with falsely claimed OID withholdings on his own tax returns and underreporting his income, for which he was also charged with false subscription, in violation of 26 U.S.C. § 7206(1) (Counts twenty-three through twenty-six; the "subscription counts"). The jury returned guilty verdicts on all counts. The Court sentenced Defendant to a term of imprisonment of 63 months, which was the low end of the advisory guideline range of 63-78 months.

     Defendant appealed his conviction, challenging the Court's exclusion of expert and lawy testimony regarding Defendant's mental condition and the imposition of Standard Condition 14. The Ninth Circuit affirmed the conviction and, with the government's concurrence, vacated the sentence in part and remanded for the limited purpose of allowing the Court to "craft a supervised release condition that accords with defendant's criminal history." (C.A. No. 19-50375, Docket No. 51). Defendant's petition for a writ of certiorari was denied on December 13, 2021. (Docket No 54)

     Defendant's challenges to his conviction and sentence concern IRS proceedings. First, he contends that "the [IRS] ha[s] no jurisdiction on the Original Issue Discount." (Motion at 5 ("Ground one").) Second, he contends that the changes the IRS made to his tax returns were done "after the statute of limitations," and that he was "not notified of any audit or adjustment to [his] tax returns, or given a chance to discuss, challenge or appeal the changes to [his] tax returns." (Motion at 5 ("Ground two").) Defendant raised neither of these issues on appeal and for the reasons stated in the government's opposition are procedurally defaulted. And, even if not defaulted, neither of these asserted grounds is cognizable in a § 2255 motion. See, e.g., United States v. Frady, 456 U.S. 154, 162, 164, 102 S. Ct. 1584, 71 L.Ed.2d 816 (1982); United States v. Johnson, 988 F.2d 941 (9th Cir. 1993). See also, Bousley v. United States, 523 U.S. 614, 622, 118 S. Ct. 1604, 140 L.Ed.2d 828 (1998). Cf., United States v. English, 42 F.3d 473 (9th Cir. 1994).

     For the foregoing reasons, Defendant's Motion is denied and the action is dismissed with prejudice. If Defendant gives timely notice of an appeal from this Order, such notice shall be treated as an application for a certificate of appealability, which will not issue because Defendant has failed to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); see also

UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

<u>Miller-El v. Cockrell</u>, 537 F.3d 322 (9th Cir. 2003); <u>Williams v. Woodford</u>, 384 F.3d 567 (9th Cir. 2004).

    IT IS SO ORDERED.